RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE    08 / 10 / 05
BY      _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HAROLD JOE BLACK | DOCKET NO. 1:04 CV 2532 |
| | SECTION P |
| VS. | JUDGE DRELL |
| WINN CORR. CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **HAROLD JOE BLACK** ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on December 22, 2004. [Rec. Doc. 3].

## FACTS AND PROCEDURAL HISTORY

First, Plaintiff alleges he was convicted by the prison disciplinary board. [Rec. Doc. 1, p.5] He seeks to challenge his conviction for Defiance. [Doc. ,p.4]. Plaintiff was sentenced by the disciplinary board to 10 days isolation, and loss of canteen privileges for 8 weeks. [Doc. 9, p.4]. Second, Plaintiff alleges that he was denied work release. Third, Plaintiff alleges he was pursuing administrative remedies related to the work release complaint and some were either lost, were unanswered, or improperly rejected. Plaintiff alleges this interference with his administrative remedies is a violation of his access to courts.

Lastly, Plaintiff alleges Defendant Scott retaliated against him for filing an administrative remedy in which she was the subject. [Doc. 9, p.10].

Plaintiff names as defendants: Winn Correctional Center, Tim Wilkinson, Mona Heyse, Elizabeth Maxey, Dellissa Duncan , Mr. Jones, Captain Rauls, Nicole Scott, Warden Butler, Sheriff Maxwell, and Chief Moore.

Plaintiff was not ordered to amend due to the thoroughness of his initial complaint. Plaintiff alleges he has fully exhausted, but that he did not receive a response from the final step. [Doc. 1, p.3]. As relief, Plaintiff seeks monetary damages for his disciplinary conviction, and monetary damages for pain and suffering. [Rec. Doc. 5]

Plaintiff is proceeding *in forma pauperis* in this action and therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e).

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or

employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an

arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**WORK RELEASE**

Section 1983 of Title 42 of the United States Code, prescribes redress for conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed pursuant to 42 U.S.C. § 1983, is whether a plaintiff has alleged the violation of a specific constitutional right. If no constitutional violation has been alleged, there is no cognizable claim pursuant to 42 U.S.C. § 1983.

Plaintiff's argues that he has the right to work release, and

that defendants failure to screen him for this release is unconstitutional. [Rec. Doc. p.'s 14-20]. In <u>Welch v. Thompson</u>, 20 F.3d 636 (5th Cir. 1994), the United States Fifth Circuit Court of Appeals addressed the issue of whether Louisiana's prison work release program creates a protected liberty interest for eligible prisoners, the deprivation of which cannot be sustained without due process. The court held that the Due Process Clause was not implicated because no federal or state law, created a constitutionally protected right to participate in the DOC work release program. <u>Id</u>. at 644. It follows then, that in the instant case, Plaintiff can not demonstrate the deprivation by a state actor of any right, privilege or immunity secured by the Constitution or laws of the Untied States, by the DOC denying his request for eligibility in the Louisiana work release program. His section 1983 claim related to work release therefore fails to state a claim upon which relief can be granted and is recommended dismissed with prejudice as frivolous.

**Heck v. Humphrey**

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc decision in <u>Clarke v. Stalder</u>, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, <u>Clarke v. Stalder</u>, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is

5

clearly barred under the principles articulated by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a "conviction" does not accrue until that "conviction"[1] has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); Clarke, 154 F.3d at 189; Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not cognizable and must be dismissed. Cronn v. Buffington, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. Heck, 114 S.Ct. at 2372.

Until Plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted.

Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore,

---

[1] Prison disciplinary actions are "convictions" for purposes of Heck. Clarke, 154 F.3d at 189.

6

until plaintiff demonstrates that the disciplinary action has been invalidated, his claim for monetary damages should be dismissed with prejudice until the requirements of Heck v. Humphrey, supra, are met.[2]

Accordingly, Plaintiff's claim should be dismissed as frivolous.

**RETALIATION**

To state a claim for retaliation under §§ 1983, a prisoner must demonstrate (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997). The prisoner must "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.' " Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Thus, a prisoner must demonstrate more than his "mere personal belief" that he was the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999). Furthermore, trial courts should carefully scrutinize claims of disciplinary charges filed in retaliation

---

[2] In Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the Heck conditions are met."

7

"[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." Woods v. Smith, 60 F.3d at 1166. Plaintiff has offered no direct evidence to show that the defendants acted with a retaliatory motive. Plaintiff's conclusory allegations, unsupported by fact and implausible should be dismissed as frivolous.

**ACCESS TO COURTS**

An inmate has a First Amendment right to file grievances against prison officials on his own behalf. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996). This right is protected, however, only if the underlying claim is not frivolous. See Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.") Furthermore, inmates generally have no constitutional right under the First or Fourteenth Amendments to an effective grievance procedure. It is well settled that inmates do not have a constitutionally protected right to a grievance procedure. Because Plaintiff has not alleged the deprivation of a substantive right, there is no merit to his claims concerning the alleged loss or failure of defendants to respond to his grievance. See, e.g., Jones v. North Carolina Prisoners Labor Union, 97 S.C.t 2532, 2544 (1977)(Burger, J., concurring)(applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); Adams v. Rice, 40 F.3d

72, 75 (4th cir.1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993)("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."); Flick v. Alba, 932 F.2d 729, 729 (8th Cir.1991)(per curiam)(concluding that federal regulations providing for an administrative remedy procedure in the Bureau of Prisons "do not in and of themselves create a liberty interest in access to that procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding that state prisoners have "no legitimate claim of entitlement to a grievance procedure" and therefore no liberty interest protected by due process), cert. denied, 488 U.S. 898 (1988). See Wilcox v. Johnson, 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996)(table, text in Westlaw); Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994); Buckley v. Barrow, 997 F.2d 494, 495 (8th Cir.1993).

Plaintiff's pursuit of grievance complaints against the defendants for challenging his disciplinary conviction, and alleged related retaliation, was due constitutional protection only to the extent that the underlying claims had merit. The Court finds no merit in Plaintiff's allegations. The Court has determined that the claims challenging the discipline conviction and retaliation are frivolous. Additionally, the Court finds that Plaintiff's

claim based on the denial of his grievance on the grounds that it was a non-grievable disciplinary matter is also frivolous.

Moreover, Plaintiff's claims of denial of access to the law library and his prison materials do not rise to a constitutional violation. In Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), the Supreme Court held that prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts. See also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.), cert. denied, 522 U.S. 995 (1997). A prisoner's right of access is not unlimited, however. "[I]t encompasses only 'a **reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.**'" Id. at 310-311 (quoting Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)). In Lewis, the Supreme Court explained that before an inmate may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that the **suffered "actual injury"**--i.e. that the denial of access **"hindered his efforts to pursue a legal claim."** 518 U.S. at 351, 116 S.Ct. at 2180. See also McDonald v. Steward, 132 F.3d 225, 231 (5th Cir.1998).

Plaintiff seeks more time in the prison library. Plaintiff failed to allege an injury that would allow him to state a claim, because he was not pursuing a viable constitutional claim. Pursuing frivolous administrative grievances related to non-cognizable challenges to disciplinary hearings and conclusory allegations of retaliation does not rise to the level of an actual

injury.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Plaintiff's claim challenging his disciplinary conviction be **dismissed with prejudice** as frivolous until Heck conditions are met pursuant to 28 U.S.C.§ 1915(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **dismissed with prejudice as frivolous** pursuant to 28 U.S.C. 1915 (e)(B)(i).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to**

11

by the aforementioned party, except upon grounds of plain error.[3]

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ____ day of _____August_____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[3]See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).